Jerry FOWLER, Plaintiff,

v.

**FIRESTONE TIRE & RUBBER COMPANY, et al., Defendants.**

No. EC79–16–LS–P.

United States District Court, N. D. Mississippi, E. D.

May 29, 1980.

On Renewed Motion In Limine Aug. 18, 1980.

Dewitt T. Hicks, Jr., Ralph E. Rood, Gholson, Hicks & Nichols, Columbus, Miss., Ralph E. Pogue, Aberdeen, Miss., for plaintiff.

Walter W. Eppes, Jr., Eppes & Shannon, Meridian, Miss., for General Motors.

William H. King, Jr., E. Duncan Getchell, Jr., McGuire, Woods & Battle, Richmond, Va., William H. Cox, Jr., Cox & Dunn, Ltd., Jackson, Miss., Fred M. Bush, Jr., Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., Lawrence H. Curtis, Akron, Ohio, for Firestone.

## ORDER

SENTER, District Judge.

The court has before it the motion in limine filed on behalf of defendant Firestone Tire and Rubber Company (Firestone). Firestone's motion is addressed to the admissibility of a number of documents proposed as exhibits in plaintiff's draft pretrial order. Two government reports are central to Firestone's motion.

Plaintiff's proposed exhibit 14, "Investigative Report, Phase I, Steel Belted Radial

Tires Manufactured by the Firestone Tire and Rubber Company, ODI Case No. C8–18," prepared by the National Highway Traffic Safety Administration in July, 1978 (N.H.T.S.A. report), and plaintiff's proposed exhibits 15 and 51, "The Safety of Firestone 500 Steel Belted Radial Tires, Report by the Subcommittee on Oversight and Investigations of the Committee on Interstate and Foreign Commerce of the House of Representatives, Ninety-Fifth Congress," prepared in August, 1978 (Moss Committee report), are offered to prove "... Firestone's actual and constructive continuous notice of the propensity for failure of the Firestone 500 steel belted radial tire beginning in 1971 and continuing with consistency through and beyond the voluntary recall of the tire in 1978." Plaintiff's brief in opposition to motion in limine, page 1. In support of its motion, Firestone urges that these two government reports should be excluded under Rule 403. We agree.

■ Neither the N.H.T.S.A. report nor the Moss Committee report is the product of an adversary proceeding. Both reports are based, at least in part, on evidence which would clearly be inadmissible if independently offered at the trial of this cause, including statements of opinions by persons who may or may not qualify as experts, testimony by individuals not subject to cross examination, heresay, and conclusions based upon statistics which appear to the court to have very limited probative value on the issues to be decided in this trial, i. e., was the Firestone tire on plaintiff's vehicle at the time of the accident defective and, if so, did the defective tire cause plaintiff's injuries. Unlike the H.U.D. report before the court in *Hodge v. Seiler*, 558 F.2d 284 (5 Cir. 1977), or the E.E.O.C. report considered in *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5 Cir. 1972), the N.H.T.S.A. report and the Moss Committee report do not specifically relate to the facts and circumstances which are the subject matter of this litigation.

It is plaintiff's position that the two reports are "relevant evidence" as defined in Rule 401 F.R. Evidence and are exceptions to the hearsay rule as "Public records and reports" under Rule 803(8)(C), F.R. Evidence, and are, therefore, admissible. We disagree for two related reasons.

First, since the two reports lack the indicia of reliability upon which the Rule 803 exceptions to the hearsay rule are based, the court is of the opinion that they are not trustworthy and, therefore, do not qualify as hearsay exceptions under Rule 803(8)(C).

Second, because this documentary evidence is in the form of reports promulgated by agencies of the United States government, its apparent "official" nature is likely to cause a jury to give the evidence inordinate weight and for this reason, any probative value the evidence might have would be far outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The court is, therefore, of the opinion that the two reports are inadmissible under Rule 403, F.R.Evidence. *Uitts v. General Motors Corporation*, 411 F.Supp. 1380 (E.D.Pa.1974) aff'd 513 F.2d 626 (3 Cir. 1975); *Vockie v. General Motors Corporation, Chevrolet Division*, 66 F.R.D. 57 (E.D.Pa.1975) aff'd 523 F.2d 1052 (3 Cir. 1975).

The court's ruling regarding the government reports will not exclude documents which relate to the reports insofar as the related documents are independently relevant and otherwise admissible. The court is of the opinion that the blanket exclusion sought by Firestone would be improper under the circumstances. Should Firestone wish to renew its motion in limine with regard to any or all of plaintiff's proposed exhibits, it will be free to do so by particularized objections with regard to specific exhibits. In the event Firestone renews its motion, plaintiff will be afforded an opportunity to respond as to each challenged exhibit.

The court is unable to rule upon the instant motion as it relates to the recall letter sent to plaintiff. The court has not been furnished with a copy of the proposed exhibit. As with the other challenged exhibits, Firestone is free to renew its motion as to the recall letter.

Accordingly, it is

ORDERED:

That defendant's motion in limine is GRANTED as to plaintiff's proposed exhibit 14, "Investigative Report, Phase I, Steel Belted Radial Tires Manufactured by the Firestone Tire and Rubber Company, ODI Case No. C8–18," prepared by the National Highway Traffic Safety Administration in July, 1978, and as to plaintiff's proposed exhibits 15 and 51, "The Safety of the Firestone 500 Steel Belted Radial Tires, Report by the Subcommittee on Oversight and Investigations of the Committee on Interstate and Foreign Commerce on Interstate and Foreign Commerce of the House of Representatives, Ninety-Fifth Congress," prepared in August, 1978.

The remainder of defendant's motion in limine is DENIED, without prejudice to defendant's right to renew its motion by particularized objections to specific exhibits.

## ON RENEWED MOTION IN LIMINE

█ The court has before it the renewed motion in limine filed on behalf of defendant Firestone Tire & Rubber Company and addressed to a number of exhibits which appear in the preliminary draft of plaintiff's proposed pretrial order. Movant has supplied the court with numbered copies of the exhibits to which its motion is addressed, and since these numbers correspond to those used by plaintiff in its proposed pretrial order, the court will, for the sake of brevity, refer to exhibits by number when possible.

Defendant's motion in limine has been exhaustively briefed, and oral argument was heard on Thursday, August 14. The court has carefully considered the arguments of counsel and now finds that defendant's motion is well taken to the extent set out below.

In this diversity action, plaintiff Jerry Fowler (Fowler) seeks to recover compensatory and punitive damages from defendants Firestone Tire & Rubber Company, Inc. (Firestone) and General Motors Corporation (General Motors) under a theory of strict liability in tort. This action is brought as a result of a one-car accident which occurred on U. S. Highway 82 in Lowndes County, Mississippi, on September 23, 1978. Plaintiff has alleged that the 1977 Chevrolet Corvette automobile he was driving, which was manufactured by defendant General Motors and equipped with a set of Firestone 500 steel belted radial tires, went out of control as a result of a defect in the right rear tire. He allegedly suffered severe personal injuries in the ensuing accident. Plaintiff charges that defendants knew or should have known that the tire was defective at the time the accident tire was manufactured and placed upon the Chevrolet Corvette. Plaintiff further alleges that in causing the tire to be sold and placed upon the automobile, defendants' conduct was such as to evidence a conscious and deliberate disregard for the rights of the plaintiff and a flagrant indifference to the public safety. Based upon these allegations, plaintiff seeks an award of punitive damages.

Of the many exhibits which plaintiff proposes to offer at trial, a large number are intended by the plaintiff to show a course of conduct on the part of defendant Firestone regarding the development and sale of the line of tires marketed under the name "Firestone Steel Belted Radial 500." Defendant vigorously objects to the introduction of those exhibits which, although they may be related to other tires manufactured and marketed under this trade name, have no relation to the manufacture and sale of the particular tire which is alleged to have caused the accident. The "Firestone Steel Belted Radial 500" line of tires was developed and marketed during the period from 1972 to 1978. The proof on file clearly shows that during this period there were many changes in the specifications used for the production of tires marketed under that name. The court has most carefully considered the question upon which the parties sharply disagree: that is, whether the tire that allegedly caused this accident bears such a relationship to all other tires produced and marketed under the trade name "Firestone Steel Belted Radial 500" as to justify an examination and intro-

duction into evidence of all documents relevant to the production of all tires marketed under this trade name or, on the other hand, whether the accident tire, as defendants maintain, should be considered only in the context of Firestone tires manufactured under specification No. 202905 issued on January 14, 1976, and put into production without major change from March 11, 1976, until November 5, 1976. In regard to this critical question, the court is of the firm opinion that the accident tire and all questions related to its construction and related to damages allegedly caused by its use should be limited in accordance with the position of the defendants. Consideration of evidence regarding tires produced under different specifications of a time remote from the production of the accident tire would unnecessarily confuse the issue before the court. For this reason, all proposed exhibits which are remote in time from the production of the tire which is alleged to have caused plaintiff's accident will be excluded from evidence. These excluded exhibits are numbered as follows:

| | | | | | | |
|----|----|----|----|-----|-----|-----|
| 17 | 34 | 54 | 70 | 88  | 105 | 137 |
| 18 | 39 | 55 | 71 | 96  | 106 | 139 |
| 19 | 40 | 59 | 72 | 97  | 107 | 140 |
| 20 | 41 | 60 | 73 | 98  | 108 | 147 |
| 21 | 42 | 61 | 74 | 99  | 109 | 148 |
| 22 | 43 | 62 | 75 | 100 | 111 | 149 |
| 23 | 44 | 63 | 76 | 101 | 112 | 151 |
| 26 | 45 | 65 | 77 | 102 | 119 | 152 |
| 29 | 46 | 66 | 78 | 103 | 135 | 153 |
| 30 | 53 | 67 | 87 | 104 | 136 |     |

Plaintiff's proposed Exhibit No. 110 deserves special mention. Plaintiff's proposed Exhibit No. 110 is a computer print-out of 220 pages which lists in a rough chronological order some two thousand "claims and suits received" by defendant Firestone through September 30, 1978. Since there has been no showing whatsoever that the claims and suits contained in this computer print-out bear any similarity to the circumstances of the accident which is before the court, this exhibit will be excluded as irrelevant.

In all other respects defendants' renewed motion in limine is denied.