S99A1399. MURRAY v. THE STATE.

(521 SE2d 564)

BENHAM, Chief Justice.

A jury found appellant Harry Felton Murray guilty of malice murder and felony murder in connection with the October 31, 1997 death of Carlette Brookshire, his former girlfriend. Appellant was sentenced to life imprisonment for malice murder after the felony murder conviction was vacated by operation of law. *Malcolm v. State,* 263 Ga. 369 (4) (434 SE2d 479) (1993).[1]

On November 1, 1997, appellant's cousin found Ms. Brookshire's body, covered by a piece of cardboard in a wooded area near a shed on the grounds of his farm supply store where appellant occasionally worked. The victim had died from the crushing effect of 13 separate blows to her head and face, which blows had been inflicted by a heavy blunt instrument. The floor of the workshed had been soaked with mineral spirits, normally used by the store employees for cleaning purposes. Appellant had been drinking alcoholic beverages at the victim's home the evening before her body was found, and had gone to

---

[1] The victim was killed on October 31, 1997, and an arrest warrant for appellant issued the same day. He was charged with committing malice and felony murder in an indictment returned March 17, 1998. The trial commenced December 15 and concluded December 17 with the jury's return of guilty verdicts. Appellant was sentenced to life imprisonment on December 18, and filed a motion for new trial on January 13, 1999. The motion was denied on April 1, and a notice of appeal was filed on April 29. The appeal was initially docketed in the Court of Appeals on May 21, 1999, and transferred to this Court where it was docketed on June 23. It was submitted for decision on briefs.

bed in the victim's room around 11:30 p.m. At 3:30 a.m., he had demanded that the victim, his ex-girlfriend, leave the living room where she was talking with another man, and enter her bedroom with appellant. The victim was not seen alive after that. Two hours later, appellant was seen using another cousin's washing machine to do his laundry, something that cousin had never known him to do before. The victim was reported missing by her adult daughter on November 1, after appellant had lied to the daughter about her mother's whereabouts. Prior to the victim's body being discovered later that day, appellant told his cousin who eventually discovered the body that he had argued with the victim and had struck her four times, knocking her off her feet and causing her to be "banged up a bit." After his arrest, appellant placed a collect call from the jail to the cousin who had found the body and, when the cousin opined that the way the victim had been killed was awful, appellant told him that it had been "quick."

1. Appellant contends his conviction cannot stand because the evidence of his guilt was entirely circumstantial and failed to exclude all reasonable hypotheses save that of his guilt. See OCGA § 24-4-6. He also maintains that his conviction should be set aside because the witnesses who testified against him were not credible. "[Q]uestions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law." *Robbins v. State*, 269 Ga. 500 (1) (499 SE2d 323) (1998). " 'Issues regarding the credibility of witnesses are in the sole province of the jury [and] . . . only the jury may analyze what weight will be given each witness' testimony.' " *Taylor v. State*, 253 Ga. 727 (1) (324 SE2d 460) (1985). After reviewing the trial transcript, we conclude that the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumerated error, appellant contends a witness was permitted to give highly prejudicial speculative evidence. The trial transcript shows that appellant's objections to the witness's testimony were sustained and appellant sought no further corrective action. "After an objection to an improper question or argument is sustained, there is no reversible error absent a request from the complaining party for further corrective action." *Pye v. State*, 269 Ga. 779 (18) (505 SE2d 4) (1998).

3. Appellant also takes issue with the introduction into evidence of several photographs depicting the victim's body as it was found.

Photos depicting the condition and location of the body as found are admissible over the assertion that they are prejudicial. *Hance v. State*, 254 Ga. 575 (4) (332 SE2d 287) (1985). See also *Sterling v. State*, 267 Ga. 209 (10) (477 SE2d 807) (1996).

4. Appellant contends that his cousin's testimony concerning the contents of appellant's jail-house call to the witness shortly after appellant's arrest should not have been allowed because, appellant believes, the witness did not tell the GBI of the conversation until four months after the fact. Pretermitting appellant's failure to object to the testimony at trial, we note that the witness testified that he informed the authorities telephonically of his conversation with appellant shortly after it occurred. Appellant admitted calling his cousin from jail, but disputed the contents of their conversation. Whether appellant said what his cousin said he said was a matter for the jury's determination, and we see no error in the admission of the testimony.

5. Lastly, appellant sees error in the admission into evidence of a note identified by the recipient, appellant's cousin, as having been written by appellant. The note was mailed to the recipient three-four weeks before trial, and could be construed as containing veiled threats to the well-being of the recipient/witness. The admission of evidence is committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion. *Baker v. State*, 246 Ga. 317 (3) (271 SE2d 360) (1980). Testimony that the note was written while appellant was incarcerated awaiting trial for this crime did not put his character into evidence, since evidence that a defendant has been incarcerated in connection with the crime for which the defendant is on trial does not place the defendant's character in issue. *Ferrell v. State*, 198 Ga. App. 270 (3) (401 SE2d 301) (1991); *Jackson v. State*, 180 Ga. App. 363 (3) (349 SE2d 252) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Martin H. Eaves,* for appellant.
*Richard E. Currie, District Attorney, George E. Barnhill, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.