Lamar FULLER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–0101–CR–27.

Court of Appeals of Indiana.

July 31, 2001.

---

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Lamar Fuller appeals his convictions after a jury trial of Dealing in Cocaine, a class A felony, and Possession of Cocaine, a class A felony.[1] He raises one issue on appeal, namely whether the trial court erred in failing to transfer his charges to juvenile court. We affirm.

### FACTS AND PROCEDURAL HISTORY

Fuller was born December 12, 1983, and he was sixteen years old at the time he was charged in this matter. On May 23, 2000, Fuller was observed attempting to sell crack cocaine to another student at Highland High School in Anderson, Indiana. He was arrested, and a baggie containing 4.19 grams of cocaine was found on his person. Fuller was charged with both offenses on May 24, 2000. On September 25, 2000, Fuller filed a Motion to Dismiss, noting his age at the time of arrest; that motion was denied. Fuller was convicted as charged and sentenced to twenty years executed. He now appeals.

### DISCUSSION AND DECISION

Although Fuller did not explicitly frame his Motion to Dismiss as a motion under Ind. Trial Rule 12(B)(1), his motion effectively raises the issue of the trial court's subject matter jurisdiction. Therefore, we note our standard of review on that issue. If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Thus, we review de novo a trial court's ruling on a motion to dismiss under Ind. Trial Rule 12(B)(1) where the facts before the trial court are undisputed. *GKN Co.*

---

1. Ind.Code §§ 35–48–4–1 and 35–48–4–6.

*v. Magness,* 744 N.E.2d 397, 401 (Ind. 2001).

Fuller argues Ind.Code § 31–30–1–11(a) obligated the trial court to transfer jurisdiction to the juvenile court. That statute provides in part as follows:

> Except as provided in section 9 of this chapter, if a court having criminal jurisdiction determines that a defendant is alleged to have committed a crime before the defendant is eighteen (18) years of age, the court shall immediately transfer the case, together with certified copies of all papers, documents, and testimony, to the juvenile court.

He argues that the statute mandates transfer after a finding a defendant is under 18 and that the statute does not refer to any exception to this mandatory transfer but that listed in Ind.Code § 31–30–1–9(a):

> A court having felony jurisdiction has concurrent original jurisdiction with the juvenile court if there is probable cause to believe that:
>
> (1) a child has committed an act that would be murder or a felony if committed by an adult;
>
> (2) the child has left Indiana; and
>
> (3) the state cannot obtain jurisdiction over the child in any other lawful manner except under the proceedings authorized for the extradition of alleged felons.

He notes Indiana caselaw requiring that penal statutes are to be strictly construed against the State,[2] and he urges us to adopt an interpretation of this statute allowing the trial court to retain jurisdiction over a juvenile only if the child has left the state.[3]

The State, in contrast, notes that Ind. Code § 31–30–1–11(a) is not the only section discussing exceptions to juvenile jurisdiction, as Ind.Code § 31–30–1–4(a) provides for fifteen exceptions for minors who commit serious crimes:

> The juvenile court does not have jurisdiction over an individual for an alleged violation of ... (12) I.C. § 35–48–4–1 (dealing in cocaine or a narcotic drug) ... if the individual was at least sixteen (16) years of age at the time of the alleged violation.
>
> (b) Once an individual described in subsection (a) has been charged with any crime listed in subsection (a)(1) through (a)(15), the court having adult criminal jurisdiction shall retain jurisdiction over the case even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

The State argues that to require mandatory transfer of jurisdiction to juvenile court in every case except when a minor has left the state would render Ind.Code § 31–30–1–4 and its enumerated exceptions meaningless. We agree.

 A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be

---

**2.** Fuller cites *State v. Shelton,* 692 N.E.2d 947, 949 (Ind.Ct.App.1998), and *Pennington v. State,* 426 N.E.2d 408, 410 (Ind.1981), for this proposition.

**3.** We note that although Fuller initially framed his argument as one of due process of law and cited Article One, Sections 11, 12, 13, 16, 18, and 23 of the Indiana Constitution and the 8th and 14th Amendments to the United States Constitution, he did not develop any due process argument in his brief. Therefore, we consider his claim of due process violation waived, and we consider only his statutory interpretation issue here.

considered as well as the effect and consequences of such interpretation. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Rupert v. State*, 717 N.E.2d 1209, 1210 (Ind.Ct. App.1999). Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme. *Brooks v. Gariup Constr. Co.*, 722 N.E.2d 834, 838 (Ind.Ct.App.1999), *trans. denied.* Courts are not bound to adopt a construction that would lead to manifest absurdity in order that the strict letter of the statute may be adhered to. *Simms v. State*, 421 N.E.2d 698, 701 (Ind.Ct.App.1981). They will rather look to the intention of the legislature, as gathered from the import of the whole act, and will carry out such intention as thus obtained. *Id.* Though penal laws are to receive a strict construction, they are not to be construed so strictly as to defeat the obvious or expressed intent of the legislature. *Id.*

It is apparent when the statutes are read together that the legislature intended minors of a certain age who commit serious crimes to be charged and tried as adults. Indeed, our supreme court has previously considered the legislature's intent in enacting Ind.Code § 31–30–1–4. "The legislature has also determined that juvenile courts do not have jurisdiction when an individual is at least sixteen years of age and is alleged to have committed murder, kidnaping, rape, carjacking or a number of other serious offenses." *Carter v. State*, 711 N.E.2d 835, 842 (Ind.1999).

Furthermore, this court has previously considered whether a trial court had subject matter jurisdiction over a minor charged with an offense under Ind.Code § 31–30–1–4 in *B.D.T. v. State*, 738 N.E.2d 1066 (Ind.Ct.App.2000). In that case, a defendant was charged with criminal deviate conduct and adjudicated as a juvenile, even though criminal deviate conduct is listed as one of the exceptions in Ind.Code § 31–30–1–4. On review, we found that "[b]ecause B.D.T. was 16 years old when the alleged offense occurred, the juvenile court, by Ind.Code § 31–30–1–4, lacked the requisite subject-matter jurisdiction to hear his case. Consequently, the juvenile court's judgment is void. Therefore, the juvenile court's judgment is vacated." *B.D.T.*, 738 N.E.2d at 1068.

We cannot adopt the interpretation Fuller suggests; to do so would render Ind. Code § 31–30–1–4 meaningless. Therefore, his conviction as an adult must be affirmed.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.