### A01A1572. JOLLY v. ZARELLA.
(555 SE2d 798)

RUFFIN, Judge.

Ronald Jolly sued John Zarella alleging that Zarella's negligence caused an automobile collision between the two.[1] Following trial, the jury returned a verdict in Zarella's favor. Jolly appeals, asserting that the trial court erred in overruling his objection to certain testimony and refusing to give a curative instruction. For reasons that follow, we affirm.

The record shows that, at the time of the collision, Zarella lived in Massachusetts but was driving from Atlanta to Myrtle Beach to visit friends. Following the collision, a police officer issued Zarella a traffic citation for an improper lane change. Zarella subsequently paid the assessed fine without challenging the citation, and on direct examination his attorney asked why he decided to do so:

> Q. Why did you determine to pay that citation? A. Well, I certainly didn't want to have to come down to Atlanta to come to court and fight a ticket that cost me $80. It would have cost me a lot more than that . . . so I figured I would pay it. In hindsight, I would never have paid the ticket, you know, *realizing how much this was going to cost me.* I would have come down and stood for what is right and wrong and I would have fought this.

(Emphasis supplied.) Counsel then asked whether Zarella wrote on the citation that he admitted his guilt, and Zarella responded that he refused to sign the ticket. Counsel stated, "Okay," and Zarella stated, "It says sign here for admission of guilt or something."

Following this line of questioning, Jolly's counsel requested a bench conference, at which the following colloquy occurred:

> [Jolly's counsel]: There is testimony from Mr. Zarella talking about if I realized what it would cost me. The insurance

---

[1] Although Jackie Jolly was also named as a plaintiff in the complaint, alleging a loss of consortium, she has not appealed from the trial court's judgment.

doesn't cost him anything and if there's any evidence of more than circumstances or, you know, what effect that a judgment may have on him and that is utterly inadmissible in this case. The Court: It may be, counsel, but you didn't object. It came in. . . . I can't rule unless you're going to object.

The bench conference ended after the judge's last remark without any further comment by counsel.

After Zarella finished testifying, and following the testimony of two other witnesses, Jolly again raised his complaint concerning Zarella's statement about "how much this was going to cost [him]." Jolly's counsel moved for permission to introduce "other evidence about worldly circumstances . . . or in the alternative an instruction to the jury that they are not to consider the worldly circumstances of the defendant either way." The trial court denied both motions, finding that "there's no evidence of [Zarella's] worldly circumstances." Although the trial judge believed that Zarella's comment was "intemperate and . . . done to prejudice the jury," he reasoned that it did not "necessarily mean[ ] money. It could mean aggravation. [It] could mean . . . this is really a lot more than I bargained for."

On appeal, Jolly asserts that the trial court erred in overruling his objection to Zarella's comment and in denying his request for a curative instruction. We review Jolly's assertions under a clearly established appellate standard providing that

> the admission of evidence is generally committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion. This is so because trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding. Hence, it is only natural that an appellate court should defer to the trial court with regard to the admission of evidence, unless the lower court's decision is so flawed as to constitute an abuse of discretion.[2]

In reviewing Jolly's assertion, we note initially that it is unclear whether he properly preserved his objection for appeal. "This State has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the

---

[2] (Punctuation and footnotes omitted.) *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454, 456-457 (2) (543 SE2d 21) (2001).

earliest possible time to preserve for review the point of error."[3] In this instance, counsel did not interject immediately after the disputed comment, but waited until another question was asked and answered before interposing his objection. The transcript does not reveal how much time actually elapsed between the comment and the time counsel requested a bench conference, but the trial judge apparently found it was long enough for the evidence to come in without objection. In the past, we have ruled that motions for mistrial made under similar circumstances were untimely and therefore waived.[4]

Assuming, without deciding, that Jolly acted timely, we find no abuse of discretion. Our review of the transcript reveals that the trial court had difficulty determining whether Jolly was even lodging an objection to Zarella's comment. Indeed, at the end of the colloquy, the trial court simply refused to make a ruling without an objection.

Furthermore, based on the trial judge's response to Jolly's request for a curative instruction, it is clear that the court did not construe Zarella's comment as evidence of worldly circumstances. Zarella did not say that this case would have an impact on his financial status, and, as reflected by the trial court's reasoning, the cost he was referring to could have been the aggravation of traveling from Massachusetts to defend the suit; it "could mean . . . this is really a lot more than [he] bargained for."

Under these circumstances, we find it appropriate to defer to the trial court's assessment of the testimony and counsel's argument and conclude that the trial court did not abuse its discretion in failing to strike Zarella's testimony.[5] It follows that the trial court was not required to remedy the admission of Zarella's testimony with a curative instruction.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 23, 2001.

*Slappey & Sadd, James N. Sadd*, for appellant.
*Hawkins & Parnell, Michael W. Kitchens*, for appellee.

---

[3] *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997).
[4] See *Altman v. State*, 229 Ga. App. 769, 770 (3) (495 SE2d 106) (1997) (motion made two questions later); *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986) (same).
[5] See *Crosby*, supra.