## S10A0705. NOBLE v. THE STATE.

(695 SE2d 236)

THOMPSON, Justice.

Defendant Mark Noble was convicted of malice murder and automobile theft in connection with the death of his father, Rupert Noble.[1] On appeal, defendant raises only the general grounds.

Viewing the evidence in a light favorable to the verdict, as we are bound to do, we find the following:

Defendant lived with the victim. The victim's daughters invited the victim and defendant, their brother, for dinner on Christmas Eve. When they failed to appear, the daughters called the victim's cell phone. Defendant answered the phone and told his sisters that the victim left the house to meet a business client. The victim's daughters went to the victim's house the next day. The house was locked and no one answered the door. The victim's Honda Accord was missing.

The family contacted the police and made their way into the house. There were no signs of forced entry. The victim's bloody body was found in the bathroom. A trail of blood demonstrated that the victim was killed in the living room and dragged to the bathroom. Towels were positioned throughout the house to cover bloodstains. Police found an exercise weight, floor lamp, and fireplace poker covered with blood. These items were found in out-of-the-way places which would have been known to someone familiar with the layout of the home. Police also found the victim's cell phone in an upstairs bedroom. The surface of the cell phone was stained with the blood of both the victim and defendant.

Defendant was arrested approximately one week after the victim's body was discovered. He was driving his father's Honda Accord and was in possession of his father's wallet, identification and credit cards.[2] The victim's credit card was used in Decatur on Christmas Day, and in Dahlonega on December 26.

Shortly before his death, the victim told his ex-wife, defendant's mother, that defendant was acting erratically. Defendant and the victim had a volatile relationship, sometimes escalating to the point of physical contact. A few years before the victim's murder, defen-

---

[1] The murder occurred on December 25, 2006. Defendant was indicted on March 29, 2007, and accused of malice murder, two counts of felony murder, aggravated assault, aggravated battery, and theft of an automobile. Trial commenced on March 9, 2009, and the jury found defendant guilty on all counts. On March 18, 2009, the trial court sentenced defendant to life in prison for malice murder and ten years (consecutive) for automobile theft. The remaining counts were merged and vacated. Defendant filed a motion for new trial on March 13, 2009, which was denied on October 29, 2009. Defendant's notice of appeal was filed on October 30, 2009. The case was docketed in this Court on January 14, 2010, and submitted for a decision on the briefs on March 8, 2010.

[2] Nothing else of value was taken from the house.

dant and the victim fought and defendant hit the victim in the head with a long piece of wood, lacerating the victim's scalp.

The evidence is sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder and theft of an automobile. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although the evidence was circumstantial, the jury was authorized to find that it excluded every reasonable hypothesis except guilt. *Murray v. State*, 271 Ga. 504, 505 (1) (521 SE2d 564) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.