**Billy E. HARWOOD,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 82A01–8912–CR–498.**

Court of Appeals of Indiana,
First District.

June 20, 1990.

---

John P. Brinson, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen. and Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Billy E. Harwood appeals his conviction by jury of child molesting,[1] a class B felony, for which he received a ten (10) year sentence.[2]  We affirm.

## FACTS

On January 26, 1989, five year old S.T. was visiting Harwood's home with her parents.  While there watching television, S.T. was lying on a chair and was covered by a jacket.  Harwood sat in an arm chair right next to the chair where S.T. lay.  On two occasions, S.T.'s father observed Harwood removing his hand from under the jacket covering S.T., and on the latter occasion heard the elastic on S.T.'s underpants snap.  Feigning an excuse that he had work to do at home, S.T.'s father took her from Harwood's premises.  S.T. then told her father that Harwood had been touching her "down below."  Harwood and his son Billy then came to S.T.'s house because Harwood's son wanted to see S.T.  While her father was in the kitchen, S.T. ran into the kitchen exclaiming, "He did it again."

At trial, S.T. testified that while they were watching television that night, Harwood put his hand under her underwear and placed his finger inside her "private."[3]  Examination by a physician that same date revealed S.T. had bruising on the urethrae area and that that area was swollen.  S.T.'s mother examined her and found she was bruised around her external genitalia and that S.T. was beet red and bruised inside her vagina.  A medical examination a few

1.  IND. CODE § 35–42–4–3(a).

2.  IND. CODE § 35–50–2–5.

3.  The trial court conducted, at the request of the state, an extensive pre-trial hearing regarding S.T.'s competency to testify and found her to be a competent witness.  No error is claimed concerning that issue.

days later showed S.T.'s condition to be much improved.

## ISSUES

The issues raised by Harwood in this appeal, which we have restated and renumbered are:

1. Is a finger an "object" within the meaning of the statute defining deviate sexual conduct?

2. Was the evidence sufficient to identify Harwood as the perpetrator of the offense?

3. Were state's exhibits 10 and 3 erroneously admitted into evidence?

4. Was state's exhibit 2 inadmissible hearsay?

## DISCUSSION AND DECISION

*Issue One*

■ Harwood was charged with child molesting under Ind.Code § 35–4–2–3(a), in that he performed an act of criminal deviate conduct by inserting his finger into the vagina of five year old S.T. Ind.Code § 35–42–4–3(a) provides that "[a] person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class B felony." "Deviate sexual conduct" is defined as, *inter alia,* "[t]he penetration of the sex organ or anus of a person by an object." Ind.Code § 35–41–1–9.

Harwood contends a finger is not an object within the statutory definition of deviate sexual conduct. Rather, he urges that "object" means some instrumentality or inanimate object other than a human body part. This issue was squarely decided contrary to Harwood's position by our supreme court in *Stewart v. State* (1990), Ind., 555 N.E.2d 121, wherein Justice De-Bruler, speaking for the court, said:

"The harm to be prevented by the criminalization of penetration of a person's sex organ or anus by an object, in addition to any physical injury which

may result, is the subjection to the personal indignity and degradation and the affront to physiological integrity associated with an unconsented to violation. Further, it is unlikely that the Legislature would criminalize sexual assaults committed by means of sex organ, mouth, or inanimate object, yet condone such assaults if committed by means of a finger or hand. An unconsented to intrusion by whatever instrumentality chosen by the perpetrator to employ, whether animate or inanimate, is prohibited by the statute. There was sufficient evidence that, by inserting his finger into the anus of Mario Marx, appellant committed the crime of criminal deviate conduct."

At 555 N.E.2d 121.

Thus, it is clear that Harwood, by inserting his finger into S.T.'s vagina was guilty of deviate sexual conduct. *Id.*

*Issue Two*

■ Harwood contends the evidence is insufficient to identify him as the perpetrator of the offense. We find this contention ludicrous.

In reviewing claims of insufficiency of the evidence, we neither weigh the evidence nor judge credibility of witnesses. Rather, we consider only that evidence favorable to the verdict, together with all reasonable inferences, and, if there is substantial evidence of probative value supporting the verdict, we will not reverse. *Morgan v. State* (1989), Ind., 544 N.E.2d 143.

Our review of S.T.'s testimony at trial discloses that she clearly identified Harwood as the person who perpetrated the digital penetration of her vagina. That testimony is buttressed by the observations of her father at Harwood's house, by S.T.'s statements to her father and mother, and by S.T.'s statement to the police. It is abundantly clear that a conviction of child molesting may be sustained upon the uncorroborated testimony of the child victim. *Maynard v. State* (1987), Ind., 513 N.E.2d 641. Here, the victim's testimony is corroborated. Further, Harwood's argument that S.T.'s testimony is confusing as to

whether she was referring to him or his son Billy is destroyed by the following reference to the record:

"Q. Who was in the front room with you and Bill when he touched you?

"A. Nobody but his kid."

Record at 152. It is apparent the jury was not confused as to identification, and neither are we. The identification evidence sufficiently pointed to Harwood.

*Issue Three*

Harwood contends State's exhibits 10 and 3, pertaining to his conviction in Texas in 1984, were improperly admitted into evidence. He assails the admission of these documents on the grounds of (a) improper certification, (b) that these exhibits reflect a conviction based upon a constitutionally infirm guilty plea, and (c) the exhibits are irrelevant to prove a depraved sexual instinct. We disagree on all three points.

(a) *Improper or incorrect certification.* State's exhibit 10 consisted of docket sheets in cause number 4681 from San Saba County, Texas. Exhibit 3 consisted of seven pages of the judgment and order of probation from Harwood's conviction of indecency with a child. These documents, including the certification by the court clerk, were "faxed," that is, sent by facsimile machine, from the court in Texas to the prosecuting attorney in Vanderburgh County, Indiana. Exhibit 10, the docket sheet, bore an original certification from the same court clerk, one Nila Ruth Barker.

Harwood first contends the certifications were insufficient under Ind. Trial Rule 44 because they do not state that the clerk is the keeper of the record, or that the records were in her legal custody, and that they lacked judicial certification. However, in *Mayes v. State* (1984), Ind., 467 N.E.2d 1189, our supreme court upheld the admission into evidence of a Michigan information and order of conviction and sentencing certified by the Clerk of the Recorder's Court of the City of Detroit as a correct transcript from the record on file in that court, even though judicial certification was lacking. The certification in *Mayes*

was held to comply with T.R. 44. The certifications here are adequate under *Mayes.*

Next, Harwood contends the certification to exhibit 10 was incorrect because it referred to "Bully Ellis Harwood." However, it is also clear from the certification that it pertained to cause number 4681, and the charging information which is part of that exhibit and the docket sheet clearly designate the defendant therein as "Billy Ellis Harwood." In addition, state's exhibit 3, being the judgment of conviction and sentencing order in cause number 4681 designates the defendant as "Billy Ellis Harwood." Moreover, the testimony of the Indiana probation officer, Nancy Susott, and State's exhibit 2 (hereinafter discussed) show that Harwood was, in fact, the person named in exhibit 10. The typographical error in the certification to exhibit 10 did not render it inadmissible. *See Dixon v. State* (1988), Ind., 524 N.E.2d 2 (incorrect date of 1980 in order book entry rather than 1981, where evidence indicated true date of 1981 for prior conviction did not render evidence insufficient to support habitual offender finding).

Harwood also argues the trial court erred in admitting state's exhibit 3 because the certification was a copy received over a fax machine in the Vanderburgh County Auditor's office. He contends that while T.R. 44 allows the introduction of certified copies of documents, it does not permit the certification itself to be a copy, citing *Yung Jin Teung v. Dulles* (2d Cir.1956), 229 F.2d 244. The view expressed in that case and in Harwood's argument fails to take into consideration modern technology and its effect on everyday occurrences. In fact, the ancient rule limiting the use of copies of documents has been relaxed by modern case law, a view aptly summarized by Judge Garrard in *Wilson v. State* (1976), 169 Ind.App. 297, 304–05, 348 N.E.2d 90, 95:

"We therefore hold that a duplicate of a document or other writing is a counterpart produced by the same impression as the original, or from the same matrix, or

by means of photography, including enlargements and miniatures, or by mechanical, electronic or chemical reproduction or other equivalent technique which accurately reproduces the original. Such duplicates are admissible in evidence to the same extent as an original unless a genuine issue is raised as to the authenticity of the original, or under the circumstances existing it would be unfair to admit the duplicate as an original. By this latter qualification, we refer primarily to circumstances affecting the trustworthiness of the duplicate for the purpose for which it is offered. Such circumstances might occur where the duplicate is not fully legible or where only a portion of the total original document is offered and the remainder would be useful for cross examination, or might qualify the portion offered, or otherwise be useful to the opposing party."

In reaching that decision, Judge Garrard referred to McCORMICK on Evidence (2d Ed.) § 569:

"Thus, McCormick points out that with the advent of modern technology in the production of facsimiles, no good reason exists for excluding such copies under the rule unless there is raised some issue of authenticity which might be resolved by requiring presentation of the original. [citation omitted] In this connection, it should also be noted that modern ability to secure discovery of documents greatly reduces the opportunity for surprise or injustice through the production at trial of a thitherto undisclosed written exhibit."

169 Ind.App. at 304, 348 N.E.2d at 95.

It is also significant that our legislature has recognized the use of copies such as facsimiles and photographic copies in the business world and has provided:

"Any such photographic, photostatic or miniature photographic copy or reproduction shall be deemed to be an original record for all purposes and shall be treated as an original record in all courts or administrative agencies for the purpose of its admissibility in evidence. A facsimile, exemplification or certified copy of any such photographic copy or reproduction shall, for all purposes, be deemed a facsimile, exemplification or certified copy of the original record."

Ind.Code § 34–3–15–2.

While this court in *Wilson* did not allow admission of the photocopy of the check there involved because it was not shown to be maintained by a business so as to qualify under I.C. 34–3–15–2, the court, nevertheless, approved the admission of the copy where no previous issue was raised as to its authenticity. The significance here of our reference to I.C. 34–3–15–2 is to show the recognition by our legislature of the prevalence of photographic copies and facsimile copies in modern society and business practices. To render the facsimile copy of the certification of state's exhibit 3 inadmissible would be to close our eyes to modern technology. The law, like society and business, does not live in the past, but must adapt constantly to a changing world. Thus, we hold, absent a serious challenge to its authenticity, state's exhibit 3 was not rendered inadmissible because the document and certification were facsimile copies.

■ (b) *Constitutionally infirm guilty plea.* State's exhibits 10 and 3 evidence Harwood's conviction and sentence in Texas for the offense of indecency with a child. He contends those exhibits should not have been admitted because his guilty plea was constitutionally infirm, claiming the documents do not show on their face that he was represented by counsel or that he validly waived his constitutional trial rights. We disagree. This is not the proper forum in which to challenge the validity of the Texas guilty plea. Rather, such can be done only by direct attack on the court of conviction. *England v. State* (1988), Ind., 530 N.E.2d 100; *Goliday v. State* (1988), Ind., 526 N.E.2d 1174. This argument is unavailing as a reason to exclude from evidence state's exhibits 10 and 3.

■ (c) *Relevancy to prove depraved sexual instinct.* One of the clearly recognized exceptions to the rule forbidding evidence of other crimes in a criminal prosecution is the depraved sexual instinct rule.

*McKim v. State* (1985), Ind., 476 N.E.2d 503; *Jenkins v. State* (1985), Ind., 474 N.E.2d 84. Child molesting is an offense involving a depraved sexual instinct. *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741. Here, state's exhibit 10 disclosed a conviction which involved a charge that Harwood touched the vagina of a female child under the age of seventeen. It is not necessary that the acts be identical to the crime charged; it is sufficient if a similar instinct is demonstrated. *Hobson,* at 744; *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097. The act charged in Texas, and of which Harwood was convicted, was sufficiently similar to that charged in this case to bring it within the depraved sexual instinct exception.

*Issue Four*

▮ Lastly, Harwood contends state's exhibit 2, the probation order entered in his Texas conviction, was inadmissible hearsay. Harwood's probation officer in Indiana, Nancy Susott, testified she received the exhibit when Harwood's probation was transferred from Texas to Indiana. The state counters that exhibit 2 was properly admitted as a business record and that it was not offered for the truth of the matters therein contained but only to show why Susott was supervising Harwood's probation. As to the state's first contention, the requisite foundational requirements for the business record exception were not met. *See e.g., Jones v. Marengo State Bank* (1988), Ind.App., 526 N.E.2d 709, and *Weisman v. Hopf–Himsel, Inc.* (1989), Ind.App., 535 N.E.2d 1222, for a statement of the foundational requirements. However, exhibit 2 was neither offered nor admitted to prove the truth of its contents. Record at 293. Whether this fact defeats the hearsay objection we need not decide. Susott testified, without objection, that she came into contact with Harwood in the course of her duties as probation officer, that she was supervising him for the State of Texas, and that he reported to her as a probationer. She also identified Harwood in the courtroom. Thus, any er-ror in the admission of exhibit 2 was harmless.

Judgment affirmed.

BAKER and GARRARD, JJ., concur.