Adam RUPERT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A04–9810–CR–514.

Court of Appeals of Indiana.

Aug. 24, 1999.

R. Brent Zook, Goshen, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

STATON, Judge

Adam Rupert appeals his conviction for

child molesting, a Class B felony.[1] Rupert raises two issues on appeal, which we restate as:

I.  Whether the scrotum is a "sex organ" as contemplated by IND.CODE § 35–41–1–9 (1993).

II.  Whether the evidence was sufficient to support the conviction.

We affirm.

## I.

*Whether the Scrotum is a Sex Organ*

The facts most favorable to the verdict reveal that Rupert nibbled and sucked on the scrotum of his girlfriend's one-year-old child. Rupert contends that his conduct does not constitute child molesting under IC 35–42–4–3(a). IC 35–42–4–3(a) defines child molesting as sexual intercourse or deviate sexual conduct with a child under fourteen (14) years of age. Deviate sexual conduct is defined in IND CODE § 35–41–1–9 (1993) as an act involving (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object. Rupert asserts that the scrotum is not a sex organ contemplated by IC 35–41–1–9. Specifically, Rupert argues that the term sex organ, as it relates to a male, refers only to the penis.

Although the legislature has not defined the term sex organ, Rupert points to the legislature's definition of sexual intercourse as "an act that includes any penetration of the female sex organ by the male sex organ" in support of his argument that the legislature intended to limit the definition of male sex organ to the penis. IND.CODE § 35–41–1–26 (1993). We decline to accept Rupert's overly narrow interpretation of the term sex organ, particularly with respect to IC 35–41–1–9.

■ A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.*, 600 N.E.2d 555, 558 (Ind.Ct.App.1992), *adopted on transfer*, 608 N.E.2d 699 (Ind.1993). When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura*, 465 N.E.2d 215, 218 (Ind.Ct.App. 1984). We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. Of Human Services v. Firth*, 590 N.E.2d 154, 157 (Ind.Ct.App. 1992), *trans. denied.*

■ Strictly speaking, the scrotum, in and of itself, is not an organ at all. Rather, the scrotum is "a musculocutaneous sac that encloses the testes." STEDMAN'S MEDICAL DICTIONARY, p. 746 (1995). Nevertheless, the scrotum is an integral part of a man's external genitalia. It defies common sense to believe that the legislature intended to criminalize the oral stimulation of the penis of a child under fourteen years of age but did not intend to criminalize the oral stimulation of the scrotum of that same child. Likewise, it is unreasonable to interpret our statute to prohibit the forced oral stimulation of the perpetrator's penis by the victim but not the forced oral stimulation of the perpetrator's scrotum by the victim. Such a result would be absurd and would undermine the purpose of the statute.

The California Court of Appeals has adopted a similar view. In *People v. Catelli*, 227 Cal.App.3d 1434, 278 Cal.Rptr.

1.  IND.CODE § 35–42–4–3 (1993).

452, 463 (1991), that court held that the term sexual organ, as used in a California statute prohibiting forcible oral copulation, included not only the penis but the scrotum. In *Catelli*, the defendant forced a twelve-year-old child to lick his scrotum and was convicted under a statute prohibiting oral copulation of a "sexual organ." *Id.* at 461. The defendant argued that his scrotum was not a sexual organ under the statute. The California Court of Appeals rejected the defendant's argument, holding that the penis, testes, and scrotum functioned together and were all part of the male sexual organ. *Id.* at 462. Further, the court held that a construction that did not include the scrotum in the definition of "sexual organ" would lead to an absurd result that would abrogate the purpose of the statute. *Id.* at 462–63.

Although factually distinct from the case at bar, we also find the reasoning of *Harwood v. State*, 555 N.E.2d 513, 515 (Ind.Ct. App.1990), particularly apt. In that case, Harwood was charged with child molesting under IC 35–4–2–3(a), in that he performed an act of criminal deviate conduct by inserting his finger into the vagina of a five-year-old child. Harwood argued that a finger was not an object as contemplated by the definition of criminal deviate conduct in IC 35–41–1–9. This Court rejected Harwood's argument, stating:

> The harm to be prevented by the criminalization of penetration of a person's sex organ or anus by an object, in addition to any physical injury which may result, is the subjection to the personal indignity and degradation and the affront to physiological integrity associated with an unconsented to violation. Further, it is unlikely that the Legislature would criminalize sexual assaults committed by means of sex organ, mouth, or inanimate object, yet condone such assaults if committed by means of a finger or hand.

*Id.* at 515 (quoting *Stewart v. State*, 555 N.E.2d 121 (Ind.1990), *overruled on other grounds by Lannan v. State*, 600 N.E.2d

1334, 1335 (Ind.1992)). Likewise, the harm to be prevented by the criminalization of contact between the sex organ of one person and the mouth or anus of another is also the subjection to personal indignity and degradation. This type of harm occurs regardless of whether the conduct involves the penis or the scrotum of the victim or perpetrator. For the foregoing reasons, we hold that the scrotum is a sex organ for the purposes of IC 35–41–1–9.

## II.

### *Sufficiency of the Evidence*

Rupert also contends the evidence was insufficient to support his conviction. Rupert's argument is two-fold. Rupert's first argument hinged on our determination of whether the scrotum was a sex organ. Because we have determined that the scrotum is a sex organ, and the evidence was overwhelming that Rupert nibbled and sucked on the child's scrotum, this argument must fail. Rupert committed an act of criminal deviate conduct that constitutes child molesting under IC 35–42–4–3(a).

Rupert's second argument relates to the specificity of the State's charging information. The charging information alleged that Rupert committed child molesting by forcing a one-year-old child to submit to an act of "deviate sexual conduct, to-wit: fellatio." Thus, Rupert contends that the State was constrained by the charging information to prove that Rupert performed fellatio on the child to obtain a conviction, and that sucking and nibbling on the child's scrotum does not constitute fellatio. Assuming without deciding that Rupert's actions did not constitute fellatio, we conclude that the variance between the charging information and the evidence presented at trial is not material.

When a defendant claims there is a variance between the information and the evidence, we must determine whether the variance is material. *McCullough v. State*, 672 N.E.2d 445, 448 (Ind.Ct.App.

1996), *trans. denied.* A material variance requires reversal of a conviction, because such a variance misleads the defendant in the preparation of his defense and presents the risk of double jeopardy. *Id.*

The record in this case demonstrates that Rupert's defense was not prejudiced by the charging information. Rupert was well aware of the allegedly criminal conduct of which he was accused. Whether or not the scrotum is a sex organ under the definition of criminal deviate conduct was a major issue at trial. In fact, at the conclusion of the hearing, the trial court stated that whether the scrotum is a sex organ was "a central issue in this case" and offered both sides an opportunity to submit authorities in support of their respective arguments. Record at 313. Rupert took advantage of this opportunity. Moreover, we do not view double jeopardy as an issue here. Accordingly, we hold that the variance between the specific act of criminal deviate conduct charged, fellatio, and the act upon which the conviction rests, sucking the scrotum, was not material. There was sufficient evidence that Rupert committed child molesting.

Affirmed.

NAJAM, J., and RUCKER, J., concur.