**STATE of Indiana, Appellant–Plaintiff,**

v.

**Kevin Lee TRAVER, Appellee–Defendant.**

**No. 71A04–1102–CR–131.**

Court of Appeals of Indiana.

Nov. 23, 2011.

does not state any specifics about the program to which Brown was assigned.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Dianne T. Robertson, South Bend, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff State of Indiana appeals from the trial court's dismissal of a Class D felony Operating a Vehicle with a Blood Alcohol Concentration ("BAC") of Greater than 0.15 percent with a Previous Conviction of Operating While Intoxicated ("OWI")[1] charge against Appellee–Defendant Kevin Traver. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On February 19, 2005, Traver committed an act that resulted in an August 10, 2005, conviction of OWI with a previous conviction of OWI within five years. On May 21, 2010, Traver committed an act that resulted in a charge of Class A misdemeanor operating a vehicle with a BAC of greater than 0.15 percent. Additionally,

---

1. Ind.Code §§ 9–30–5–1(a); –3(a)(1) (2010). We further note that the statutory definition of "previous conviction of operating while intoxicated" encompasses convictions both for OWI and for operation with an illegally-high BAC. *See* Ind.Code § 9–13–2–130 (2010) (" 'Previous conviction of operating while intoxicated' means a previous conviction . . . in Indiana of . . . a crime under IC 9–30–5–1 through IC 9–30–5–9[.]").

pursuant to Indiana Code section 9–30–5–3, the State charged Traver with Class D felony operating a vehicle with a BAC of greater than 0.15 percent with a previous conviction of OWI within five years based on the August 10, 2005, OWI conviction.

On September 13, a guilty plea hearing occurred at which the trial court refused to accept Traver's plea to the Class D felony charge. The basis for the trial court's refusal to accept Traver's plea was its belief that the language of Indiana Code section 9–30–5–3 should be read so that the five-year period begins to run on the date of the commission of the crime, not the conviction of it. As previously mentioned, Traver's previous OWI conviction arose from acts committed on February 19, 2005, more than five years prior to the acts of May 21, 2010. The trial court observed the following on the record:

> if a defendant has a second offense or his prior offense that occurred ten years ago and he was waiting for trial for five years and went to trial and then got convicted one day within five years of doing it again, he's got a D felony. But a guy that goes in ten years ago and pleads guilty or has a trial right away ten years ago and does this offense, he doesn't have a D felony.

Tr. pp. 38–39.

On September 29, 2010, Traver filed a motion to dismiss the Class D felony operating a vehicle with a BAC of over 0.15 percent charge on the basis that the language of Indiana Code section 9–30–5–3 should be read so that the five-year period runs from occurrence to occurrence and not from conviction to occurrence. On January 18, 2011, the trial court granted Traver's motion to dismiss the Class D felony charge "for reasons stated[.]" Appellant's App. p. 32. On January 26, 2011, the State filed a motion to reconsider. On

February 10, 2011, the trial court denied the State's motion to reconsider.

## DISCUSSION AND DECISION

### Whether the Trial Court Properly Interpreted Indiana Code Section 9–30–5–3(a)(1)

■ "The interpretation of a statute is a question of law reserved for the courts." *Scott v. Irmeger*, 859 N.E.2d 1238, 1239 (Ind.Ct.App.2007).

> A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Rupert v. State*, 717 N.E.2d 1209, 1210 (Ind.Ct.App. 1999).

*Fuller v. State*, 752 N.E.2d 235, 237–38 (Ind.Ct.App.2001). Moreover, while it is true that "[t]he rule of lenity requires that penal statutes be construed strictly against the State and any ambiguities resolved in favor of the accused, . . . statutes 'are not to be overly narrowed so as to exclude cases they fairly cover[.]' " *Meredith v. State*, 906 N.E.2d 867, 872 (Ind.2009) (citations omitted).

■ Indiana Code section 9–30–5–1 provides, in relevant part, that

> [a] person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of

alcohol per ... (1) one hundred (100) milliliters of the person's blood; or (2) two hundred ten (210) liters of the person's breath; commits a Class A misdemeanor.

Indiana Code section 9–30–5–3 provides for an enhancement of a charge under section as follows: "[A] person who violates section 1 or 2 of this chapter commits a Class D felony if ... the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or of this chapter[.]" The State contends that the plain language of section 9–30–5–3 indicates that the five-year period begins to run on the date of the prior conviction, not the date of the act that led to the prior conviction. Traver contends that for section 3 to apply, the *act* that led to conviction under Indiana Code chapter 9–30–5 had to have occurred within five years of the *current violation, not the conviction* arising from that act. In support of this contention, Traver argues that interpreting section 9–30–5–3 to run from conviction to occurrence would create an unjust or illegal result because it would allegedly punish a defendant for not resolving his case within a short period of time of the occurrence.

We conclude that section 3 is not ambiguous, and it is the previous conviction that is subject to the five-year limit, not the act that gave rise to the conviction. The only way to reach the conclusion that the commission of the previous OWI is the event subject to the five-year time period, and not the conviction, is to first conclude that "occurred" is modifying "operating while intoxicated" instead of "conviction." While we acknowledge that the word "occurred" is indeed closer to the noun "operating" than it is to "conviction," simple proximity is not sufficient to support a conclusion

that "occurred" could be modifying "operating" in section 3. Very few, if any, would read "we had a meal in France that was delicious and expensive" and conclude that "delicious and expensive" was describing "France." In any event, while the gerund "operating" is nominally a noun, it is not functioning as such in section 3, but, rather, as the object of the prepositional phrase "of operating while intoxicated," which is functioning as an adjectival phrase to modify "conviction." As such, "conviction" is the noun closest to the prepositional phrase beginning with "that occurred within ... five ... years" and, in our view, is clearly being modified by that phrase as well. In summary, while we acknowledge that word order is important, there is nothing in the word order of section 3 to suggest that the phrase "occurred within ... five ... years" is intended to modify anything other than "conviction."

Traver's counter-argument is not that the wording of section 9–30–5–3 is ambiguous, but, essentially, that its application is unfair because it "penalizes" the defendant whose trial on the first offense is delayed, perhaps through no fault of his own. Traver cites no authority for the proposition that unfairness is a valid reason to ignore the plain language of a statute in favor of an interpretation not supported by that language, and we are aware of none. Our legislature has clearly, unambiguously, and plainly stated that the five year-limit is to run from the date of the previous conviction and not the date of the offense.

In summary, we conclude that in order for an OWI or operating a vehicle with a BAC of over 0.15 percent charge to be enhanced to a Class D felony under the Indiana Code section 9–30–5–3, the State is required to prove that the defendant has a previous OWI conviction and that the conviction falls within the five-year period

immediately preceding the commission of the instant offense. Consequently, the trial court erroneously dismissed the Class D felony operating a vehicle with a BAC of over 0.15 percent charge against Traver. We reverse and remand for further proceedings consistent with this opinion.[2]

The judgment of the trial court is reversed, and the cause is remanded.

ROBB, C.J., and BARNES, J., concur.

---

**2.** We think it worth noting that today, we issue our opinions in the cases of *State v. Wilson*, Cause No. 71A05–1102–CR–130, and *State v. Eichorst*, Cause No. 71A03–1102–CR–105, in which we also reverse the dismissals of Class D felony operating a vehicle with an illegal BAC with a Previous Conviction of OWI charges. The State earlier moved to consolidate the three appeals, a motion which the motions panel of this court denied. We will not revisit the decision of the motions panel on this question, as Wilson's, Traver's, and Eichorst's arguments were not identical.