STATE of Indiana, Appellant–Plaintiff,

v.

James D. EICHORST, Appellee–Defendant.

No. 71A03–1102–CR–105.

Court of Appeals of Indiana.

Nov. 23, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Mark A. Kopinski, South Bend, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff State of Indiana appeals from the trial court's dismissal of a Class D felony Operating a Vehicle with a Blood Alcohol Concentration ("BAC") of Greater than 0.08 percent with a Previous Conviction of Operating While Intoxicated ("OWI")[1] charge against Appellee–Defendant James Eichorst. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On February 16, 2005, Eichorst committed an act that led to an April 28, 2005, conviction for OWI. On April 26, 2010, pursuant to Indiana Code section 9–30–5–1 and for an incident allegedly occurring on April 24, 2010, the State charged Eichorst with Class C misdemeanor operating a vehicle with a BAC of over 0.08 percent. Additionally, pursuant to Indiana Code section 9–30–5–3, the State charged Eichorst with a Class D felony for having the 2005 conviction for OWI within five years of the April 24, 2010, incident.

On August 5, 2010, Eichorst filed a motion to dismiss the Class D felony operating a vehicle with a BAC of over 0.08 percent charge on the basis that the lan-

---

1. Ind.Code §§ 9–30–5–1(a); –3(a)(1) (2009). We further note that the statutory definition of "previous conviction of operating while intoxicated" encompasses convictions both for OWI and for operation with an illegally-high BAC. *See* Ind.Code § 9–13–2–130 (2009) ("'Previous conviction of operating while intoxicated' means a previous conviction ... in Indiana of ... a crime under IC 9–30–5–1 through IC 9–30–5–9[.]").

guage of Indiana Code section 9–30–5–3 should be read so that the five-year period runs from occurrence to occurrence and not from conviction to occurrence. The trial court granted Eichorst's motion on September 16, 2010. On October 12, 2010, the trial court vacated its previous order and reinstated the charges. On January 26, 2011, the State filed a motion to reconsider.[2] On February 11, 2011, the trial court again dismissed the enhancement.

## DISCUSSION AND DECISION

### Whether the Trial Court Properly Interpreted Indiana Code Section 9–30–5–3(a)(1)

■■■ "The interpretation of a statute is a question of law reserved for the courts." *Scott v. Irmeger,* 859 N.E.2d 1238, 1239 (Ind.Ct.App.2007).

A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Rupert v. State,* 717 N.E.2d 1209, 1210 (Ind.Ct.App. 1999).

*Fuller v. State,* 752 N.E.2d 235, 237–38 (Ind.Ct.App.2001). Moreover, while it is true that "[t]he rule of lenity requires that

penal statutes be construed strictly against the State and any ambiguities resolved in favor of the accused, ... statutes 'are not to be overly narrowed so as to exclude cases they fairly cover[.]'" *Meredith v. State,* 906 N.E.2d 867, 872 (Ind.2009) (citations omitted).

Indiana Code section 9–30–5–1 provides, in relevant part, that

[a] person who operates a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per ... (1) one hundred (100) milliliters of the person's blood; or (2) two hundred ten (210) liters of the person's breath; commits a Class C misdemeanor.

Indiana Code section 9–30–5–3 provides for an enhancement of a charge under section as follows: "[A] person who violates section 1 or 2 of this chapter commits a Class D felony if ... the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or of this chapter[.]" The State contends that the plain language of section 9–30–5–3 indicates that the five-year period begins to run on the date of the prior conviction, not the date of the act that led to the prior conviction. Eichorst contends that for section 3 to apply, the *act* that led to conviction under Indiana Code chapter 9–30–5 had to have occurred within five years of the current violation, not the conviction arising from that act. In support of this contention, Eichorst argues that (1) "occurred within ... five ... years" modifies "operating while intoxicated" instead of "conviction" because of its propinquity[3] to

---

2. The State's motion to reconsider appears to have been filed in anticipation of the trial

court's subsequent dismissal of the Class D felony charge.

3. "Propinquity" may be defined as "nearness

"operating," (2) "occurred" must be modifying "operating" because convictions do not "occur," and (3) the General Assembly's use of slightly different language in sections 4 and 5 of chapter 9–30–5 indicates an intent to treat prior OWI convictions differently in section 3.

### 1. Propinquity

■ We conclude that section 3 is not ambiguous, and it is the previous conviction that is subject to the five-year limit, not the act that gave rise to the conviction. While we acknowledge that the word "occurred" is indeed closer to the noun "operating" than it is to "conviction," simple proximity is not sufficient to support a conclusion that "occurred" could be modifying "operating" in section 3. Very few, if any, would read "we had a meal in France that was delicious and expensive" and conclude that "delicious and expensive" was describing "France." In any event, while the gerund "operating" is nominally a noun, it is not functioning as such in section 3, but, rather, as the object of the prepositional phrase "of operating while intoxicated," which is functioning as an adjectival phrase to modify "conviction." As such, "conviction" is the noun closest to the prepositional phrase beginning with "that occurred within . . . five . . . years" and, in our view, is clearly being modified by that phrase as well. In summary, while we acknowledge that word order is important, there is nothing in the word order of section 3 to suggest that the phrase "occurred within . . . five . . . years" is intended to modify anything other than "conviction."

### 2. Whether a Conviction can "Occur"

Eichorst also argues that "occurred" must be modifying "operating" because

convictions cannot "occur." We cannot accept this contention. "Occur" may be defined as "to present itself[,] come to pass[,] take place[, or] HAPPEN[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1561 (Phillip Babcock Gove et al. eds., G. & C. Merriam Company 1964). It seems to us beyond question that a conviction can "come to pass" or "happen," and the common understanding is that it does so on the day on which it is entered.

### 3. Sections 4 and 5 of Indiana Code Chapter 9–30–5

Finally, Eichorst points to sections 4 and 5 of Indiana Code chapter 9–30–5, which also provide for enhancement of OWI or operating a vehicle with a BAC of over 0.08 percent convictions based on a previous conviction of OWI. Section 4 provides that a conviction of OWI or operating a vehicle with a BAC of over 0.08 percent causing serious bodily injury is a "Class C felony if the person has a previous conviction of operating while intoxicated within the five (5) years preceding the commission of the offense." Section 5 provides that a conviction of OWI or operating a vehicle with a BAC of over 0.08 percent causing death is a "Class B felony if the person has a previous conviction of operating while intoxicated within the five (5) years preceding the commission of the offense[.]" While Eichorst concedes that the date of the prior conviction is the key event in sections 4 and 5, he argues that the General Assembly's inclusion of the words "that occurred" in section 3 indicates a different intent.

We cannot conclude that the inclusion of "that occurred" in section 3 is evidence of a legislative intent to treat prior convictions differently in that section than they

in place[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1818 (Phillip Babcock Gove et

al. eds., G. & C. Merriam Company 1964).

are treated in the rest of Indiana Code chapter 9–30–5. The presence of two arguably superfluous words in section 3 does not change the fact that the three sections, insofar as they refer to prior convictions, have essentially identical meanings. Moreover, contrary to Eichorst's contentions, we conclude that the General Assembly's conceded focus on the prior date of conviction in sections 4 and 5 is compelling evidence that it intended the focus in section 3 to be on the prior date of conviction as well. As previously mentioned, "When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act." *Fuller*, 752 N.E.2d at 238. Eichorst does not offer an explanation for why the General Assembly might decide to treat prior OWI convictions differently in different sections of the same chapter, and we can think of none.

### CONCLUSION

In summary, we conclude that in order for an OWI or operating a vehicle with a BAC of over 0.08 percent charge to be enhanced to a Class D felony under the Indiana Code section 9–30–5–3, the State is required to prove that the defendant has a previous OWI conviction and that the conviction falls within the five-year period immediately preceding the commission of

the instant offense. Consequently, the trial court erroneously dismissed the Class D felony operating a vehicle with a BAC of over 0.08 percent charge against Eichorst. We reverse and remand for further proceedings consistent with this opinion.[4]

The judgment of the trial court is reversed, and the cause is remanded.

ROBB, C.J., and BARNES, J., concur.

---

4. Eichorst also contends that there is nothing for this court to rule on because the State moved to dismiss the Class C misdemeanor operating a vehicle with a BAC of over 0.08 percent. We reject this argument, as the Class C misdemeanor charge is not at issue in this appeal. Indiana Code section 35–38–4–2(1) (2009) specifically authorizes the State to appeal from an order granting a motion to dismiss an indictment or information, which is precisely what the State has done here.

We also think it worth noting that today, we issue our opinions in the cases of *State v.*

*Traver*, Cause No. 71A04–1102–CR–131, and *State v. Wilson*, Cause No. 71A05–1102–CR–130, in which we also reverse the dismissals of Class D felony operating a vehicle with an illegal BAC with a Previous Conviction of OWI charges. The State earlier moved to consolidate the three appeals, a motion which the motions panel of this court denied. We will not revisit the decision of the motions panel on this question, as Wilson's, Traver's, and Eichorst's arguments were not identical.