## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 22 2017, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darrell Berry, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 22, 2017 <br><br> Court of Appeals Case No. 71A03-1606-CR-1349 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Julie P. Verheye, Judge <br><br> Trial Court Cause No. 71D07-1506-CM-2264 |

**Bradford, Judge.**

# Case Summary

[1] The Appellant-Defendant Darrell Berry appeals his convictions for operating a motor vehicle while intoxicated ("OWI") endangering a person, a Class A misdemeanor, and leaving the scene of an accident, a Class B misdemeanor, contending that the Appellee-Plaintiff the State of Indiana ("the State") failed to produce sufficient evidence to sustain his convictions. Specifically, Berry claims that the State failed to prove that (1) Berry was the operator of the vehicle and was intoxicated or impaired at the time of the accident or (2) "the motor vehicle was involved in an accident and left the scene." Appellant's Br. p. 10. Because we disagree, we affirm.

# Facts and Procedural History

[2] On June 6, 2015, Berry picked up a woman, China Pinkney, for a date. When Berry got to Pinkney's sister's house in St. Joseph County to pick her up, Pinkney could tell that Berry had already been drinking due to the smell of his breath. They were both drinking a mixed vodka drink out of the same bottle as they drove around. They were "just riding around, feeling nice, buzz going on." Tr. p. 14. Berry was speeding and weaving in and out of traffic when he hit a curb causing his vehicle to flip over and hit another vehicle. The driver of the vehicle that Berry hit was Lavonda Austin.

[3] After the collision, Berry climbed out of the driver's door window, walked around the front of the vehicle, and pulled Pinkney out of the passenger's door

window. Once Pinkney was out of the car, she and Berry ran from the scene of the accident, jumping over a fence and running into the woods. Berry and Pinkney continued to run through the woods until they reached an open street where police caught and arrested Berry. Prior to leaving the scene of the accident, Berry never provided his name, address, insurance, or any other information; moreover, he never returned to the scene of the accident.

[4] Officer Christopher Butler was one of the officers dispatched to the scene of the accident. When Officer Butler first made contact with Berry he observed that Berry had bloodshot eyes, smelled of alcoholic beverage, and was unbalanced. These observations prompted Officer Butler to administer field sobriety tests ("FSTs") including the horizontal-gaze-nystagmus, the walk-and-turn, and the one-leg stand tests. Officer Butler observed a lack of smooth pursuit in both eyes and Berry failed the distinct and sustained nystagmus at maximum deviation in the horizontal-gaze-nystagmus test. During the walk-and-turn test, Berry lost his balance, failed to walk heel to toe, made an improper turn, and stepped off the line. Finally, Berry put his foot down and raised his arm during the one-leg stand test. Berry offered to submit to a breath test, but failed to supply a sufficient breath sample six different times. Berry was also offered a blood draw at that time, but he was extremely uncooperative and tried to stick his fingers down his throat to make himself vomit; at that time, he was deemed to have refused a test.

[5] On June 30, 2015, the State charged Berry with Class A misdemeanor OWI endangering a person and Class B misdemeanor leaving the scene of an

accident. A bench trial was held on April 19, 2016 and the trial court found Berry guilty as charged. On May 13, 2016, the trial court sentenced Berry to an aggregate sentence of 365 days with 335 days suspended. This appeal follows.

# Discussion and Decision

[1] On appeal, Berry argues that the evidence was insufficient to support his convictions for OWI endangering a person and leaving the scene of an accident.[1] Our standard for reviewing sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotations omitted). The trier of fact is responsible for resolving conflicts of testimony,

---

[1] Berry does not challenge the endangering a person enhancement to the operating while intoxicated conviction.

determining the weight of the evidence, and evaluating the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

# I.   OWI Endangering a Person

Under Indiana Code section 9-30-5-2(a) and (b), in relevant part, the State had to prove that Berry: 1) operated a vehicle; 2) while intoxicated; and 3) he operated the vehicle in a manner that endangered another person.  On appeal, Berry argues that there was insufficient evidence that Berry operated the vehicle that was involved in the collision or that Berry was intoxicated at the time.  After reviewing the evidence presented by the State to prove the identity of the driver of the vehicle, we find that there was overwhelming evidence that Berry was the individual who operated the vehicle at issue.

The record shows that Pinkney testified that she was a passenger in Berry's vehicle on the day of the accident and that Berry was driving at the time the accident occurred.  Pinkney further testified that she does not even know how to drive.  The evidence also shows that after the accident, Lavonda Austin observed Berry climbing out of the window on the driver's side of the vehicle before he helped a female climb out of the window on the passenger's side of the vehicle.  Further, Jeff Austin testified that the male he saw climb out of the window on the driver's side of the vehicle looked like Berry.  The direct evidence from Pinkney that Berry was driving, along with the observations from other eyewitnesses, was more than sufficient to establish that Berry was driving the vehicle at the time of the accident.

As discussed in the facts above, there was overwhelming evidence that Berry was intoxicated. Moreover, the lack of any blood alcohol content ("BAC") evidence is due to Berry's lack of cooperation, not any fault by the State. The record shows that Berry smelled of alcoholic beverage when he picked Pinkney up. There is also evidence that he drank vodka with Pinkney while he was driving. Furthermore, Officer Butler testified that Berry had bloodshot eyes, smelled like alcoholic beverage, and was unbalanced on his feet after the accident. The evidence also shows that Berry failed three FSTs. The fact that the State was unable to present evidence of Berry's BAC does not outweigh the remainder of the evidence. We therefore conclude that the State presented sufficient evidence to support the finding that Berry was intoxicated at the time of the accident.

## II.    Leaving the Scene of an Accident

Berry also claims that there was insufficient evidence to support his conviction for leaving the scene of an accident. Specifically, Berry claims that the State was required to prove "whether the vehicle left the scene of the accident, and not whether the driver stayed at the scene of the accident." Appellant's Br. p. 16. Berry further argues that the State elected to charge him in a manner that did not include an allegation of the driver leaving the scene of the accident. The information included, in part, the following language:

> On or about June 6, 2015 in St. Joseph County, State of Indiana, [Darrell Berry] being the driver of a vehicle that was involved in an accident with Lavonda Austin and Jeffery Austin, did

knowingly fail to immediately stop the vehicle at the scene of
said accident, or as close as possible thereto.

All of which is contrary to the form of the statutes in such cases
made and provided by I.C. 9-26-1-1.1(a)(1)(A) and I.C. 9-26-1-
1.1(b), and against the peace and dignity of the State of Indiana.

Appellant's App. Vol. II, p. 20.

[6]     While Berry is correct that the language of the information does not specifically

mention the driver leaving the scene of the accident, this omission alone is not

grounds for a reversal of his conviction.  Under Indiana Code section 35-24-1-2,

> The indictment or information shall be in writing and allege the
> commission of an offense by . . . citing the statutory provision
> alleged to have been violated, except that any failure to include
> such a citation or any error in such a citation does not constitute
> grounds for reversal of a conviction where the defendant was not
> otherwise misled as to the nature of the charge against the
> defendant.

The information must be "sufficiently specific to apprise the defendant of the

crime for which he is charged and enable him to prepare a defense."  *Bonner v.*

*State*, 789 N.E.2d 491, 493 (Ind. Ct. App. 2003) (internal citation omitted).

Moreover,

> to award relief on the basis of a variance between allegations in
> the charge and the evidence at trial, the variance must be such as
> to either have misled the defendant in the preparation and
> maintenance of his defense with resulting harm or prejudice or
> leave the defendant vulnerable to double jeopardy in a future
> criminal proceeding covering the same event, facts, and evidence.

*Birari v. State*, 968 N.E.2d 827, 834 (Ind. Ct. App. 2012). However, as a general rule, "failure to make a specific objection at trial waives any material variance issue." *Neff v. State*, 915 N.E.2d 1026, 1031 (Ind. Ct. App. 2009). Prior to this appeal, Berry did not raise an issue regarding the sufficiency of the information or the variance between the allegations in the charge and the evidence at trial; therefore, Berry is estopped from raising this issue for the first time on appeal. Nevertheless, we will address the issue on its merits.

[7] Notwithstanding waiver, Berry's variance challenge still fails. Berry was charged with violating Indiana Code section 9-26-1-1.1. (App. Vol. II, p. 20). However, in reading the statute in its entirety, it is clear that the operator of a vehicle must (1) immediately stop at the scene of the accident or as close to the accident as possible, and (2) remain at the scene until the operator provides his or her name, address, registration number for the vehicle and exhibit the operator's driver's license to anyone involved in the accident. Berry is essentially arguing that the State was constrained by the charging information to prove that his vehicle left the scene of the accident in order to obtain a conviction. "When a defendant claims there is a variance between the information and the evidence, we must determine whether the variance is material." *Rupert v. State*, 717 N.E.2d 1209, 1211 (Ind. Ct. App. 1999). "A material variance requires the reversal of a conviction, because such a variance misleads the defendant in the preparation of his defense and presents the risk of double jeopardy." *Id.*

[8] Based upon the record and the briefs, it does not appear that Berry was misled or prejudiced in the preparation and maintenance of his defense at trial. Discovery made it very clear that Berry's vehicle was inoperable and could not have left the scene of the accident. The evidence also made it very clear that Berry and Pinkney ran away from the scene of the accident. Berry does not complain of a lack of notice, nor does he complain that the allegations misled him in his defense. Furthermore, Berry does not argue that he would be subject to future criminal prosecutions based upon this same incident. Based upon the present circumstances, we conclude that the variance between the charging information and the evidence presented at trial was not material, and there was sufficient evidence to sustain Berry's conviction for leaving the scene of an accident.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.